IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAUREN W., by and through her parents, JAMES W. and JEAN W.,<br>　　　　　　　　　　　　Plaintiffs<br><br>　　　　　　v.<br><br>RADNOR TOWNSHIP SCHOOL DISTRICT,<br>　　　　　　　　　　　　Defendant | Civil Action<br><br>No 03-cv-665 |

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

I. **INTRODUCTION**

Plaintiffs Jean W. and James W. ("Parents"), on behalf of Lauren W. [referred to collectively herein as "plaintiffs"], hereby submit this Memorandum of Law in Support of their Motion for a Preliminary Injunction. In light of both administrative and judicial decisions establishing that Hill Top Preparatory School ("Hill Top") is Lauren's pendent placement[1] for purposes of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(j), plaintiffs seek injunctive relief requiring Radnor Township School District ("District") to reimburse them for two years of tuition payments to Hill Top.

II. **STATEMENT OF FACTS**

Because Lauren is a student with special educational needs, the District must provide her with a free and appropriate public education ("FAPE") pursuant to IDEA. *Lauren W. v. Board of Educ. of the Radnor Township Sch. Dist.*, No. 02-cv-4775 (E.D.

---

[1] The term "pendent placement" has its origins in section 615(e)(3) of IDEA, 20 U.S.C. § 1415(e)(3), which provides that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents or guardian otherwise agree, the child shall remain in the then current educational placement of such child". *Susquenita Sch. Dist. v. Raelee S.*, 96 F.3d 78, 80 n.1 (3d Cir. 1996).

885436v1

-2-

Pa. Sept. 12, 2002) ("*Lauren W. I*"), at 2, ¶¶ 2,3 [attached to the Verified Complaint as Ex. "B"].  FAPE is provided through an Individualized Education Program ("IEP").

On or about August 24, 1999, because they disagreed with the the IEP offered for the 1999 – 2000 school year ("1999 IEP"), the Parents unilaterally placed Lauren at Hill Top Preparatory School ("Hill Top") and requested a due process hearing challenging the 1999 IEP and requesting reimbursement for Hill Top's tuition.  Verified Compl. at ¶ 8; *Lauren W. I*, at 2, ¶¶ 7,8.  Pursuant to a settlement agreement, the District reimbursed the Parents for the 1999-2000 tuition at Hill Top.  Verified Compl. at ¶ 9; *Lauren W. I*, at 3, ¶¶ 9-11.

In November, 2000, recognizing that Lauren was making progress in the placement, the District Board of School Directors ("Board") approved payment of Lauren's placement at Hill Top.  Verified Compl. at ¶ 11; *Lauren W. I*, at 3, ¶¶ 9-11.  In November, 2000, when the Board approved funding for the Hill Top placement, the District had no written, or even oral, waiver of Lauren's rights under 20 U.S.C. § 1415(j).  *Lauren W. I*, at 3-4, ¶¶ 13, 18.

Thus, in November, 2000, the parties agreed that Hill Top was the appropriate placement for Lauren and her pendency rights attached.  *See Lauren W. I*, at 7, ¶ 8.  This Court, a Pennsylvania Special Education Hearing Officer, and the Pennsylvania Special Education Appeals Panel ("Appeals Panel") have all recognized that Hill Top is Lauren's pendent placement.  *See Lauren W. I*, at 7, ¶8; *In re Lauren W., a student in the Radnor Township Sch. Dist.*, at 18-19 (Pa. Spec. Ed. Appeals Panel 2003) [attached to the Verified Complaint as Exhibit "A"]; *Special Educ. Hearing Officer Decision*, at 23 [attached to the Verified Complaint as Exhibit "C"].  Despite the change in placement

-2-

effected by the Board's November, 2000 action, the District has failed to pay Lauren's tuition at Hill Top for the past two years.  Verified Compl. at ¶ 12.

### III.   ARGUMENT

#### A.   Standard for Injunctive Relief

This Court has described the standard for injunctive relief in an IDEA action involving pendency as follows:

> Section 1415(j) functions, in essence, as an automatic preliminary injunction. [*Drinker v. Colonial Sch. Dist.*, 78 F.3d 859, 864 (3d Cir. 1996)].[2] "The provision represents Congress' policy choice that all handicapped children, regardless of whether their case is meritorious or not, are to remain in their current educational placement until their dispute with regard to their placement is ultimately resolved. Once a court ascertains the student's current educational placement, the movants are entitled to an order without satisfaction of the usual prerequisites to injunctive relief." *Woods v. New Jersey Dep't of Educ.*, No. 93-5123, 20 Indiv. Disabilities Educ. L. Rep. 439, 440 (3d Cir. 1993) (emphasis added); *see also Zvi D. v. Ambach*, 694 F.2d 904, 906 (2d Cir. 1982)("the statute substitutes an absolute rule in favor of the status quo for the court's discretionary consideration of the factors of irreparable harm and either a likelihood of success on the merits or a fair ground for litigation and a balance of hardships"). Thus, for purposes of a Motion for a Preliminary Injunction, the dispositive inquiry under section 1415(j) is the identification of the child's "current educational placement."

*Matthew K. v. Parkland Sch. Dist.*, 1998 U.S. Dist. LEXIS 2024, at *10 (E.D. Pa. Feb. 26, 1998).  Thus, the determination that Hill Top is Lauren's current educational placement, accepted by both judicial and administrative tribunals, is dispositive of the request for relief in this case.

---

[2]   The *Drinker* court found that the pendent placement for purposes of IDEA was that in the last functioning IEP.  However, as the court of appeals recognized in *Susquenita Sch. Dist. v. Raelee S.*, 96 F.3d 78, 84 n.6 (3d Cir. 1996), *Drinker* is distinguishable from cases where the parents and the state or local education agency have agreed to a change in placement during the pendency of administrative proceedings.

-3-

885436v1

### B.  The Parents Are Entitled to an Injunction Requiring Immediate Reimbursement of Hill Top's Tuition.

The Third Circuit Court of Appeals has recognized that a school district's financial responsibilities with respect to the pendent placement are immediate and may not be deferred until the close of the litigation." *Susquerita Sch. Dist. v. Raelee S.,* 96 F.78 (3d Cir. 1996). Therefore, even if the District were to seek review of the Appeals Panel's decision in federal court, it would still be responsible for immediate tuition reimbursement. *See Susquenita*, 96 F.3 at 85 ("We conclude that the policies underlying the IDEA and its administrative process favor imposing financial responsibility upon the local school district as soon as there has been an administrative panel or judicial decision establishing the pendent placement.")

In this case, there is can be no dispute that Lauren's current educational placement is Hill Top.  The parents have received two administrative and one judicial decision vindicating their position that Lauren's pendent placement became Hill Top in November, 2000.  Requiring the District to reimburse plaintiffs for the costs of Lauren's education for the 2000 – 2001 and 2001 – 2002 school years "merely forces the District to belatedly pay expenses that it should have paid all along." *Matthew K. v. Parkland School Dist.*, No. 97-6636, 1998 U.S. Dist. LEXIS 2024, at *21 (E.D. Pa. Feb. 26, 1998). Thus, plaintiffs are entitled to immediate reimbursement for monies expended for tuition at Hill Top during the 2000 – 2001 and 2001 – 2002 school years.

885436v1

## IV. CONCLUSION

Based upon the foregoing, the allegations of the Verified Complaint (incorporated herein by reference) and the accompanying Motion, plaintiffs respectfully submit that they are entitled to the injunctive relief requested herein.

Respectfully submitted,

Dated: February 3, 2003

_____
Catherine Merino Reisman (I.D. No. 57473)
Stephen G. Rhoads (I.D. No. 47458)
Danielle M. White (I.D. No. 87772)
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109
(215)  772-1500
(215) 731-3624 [fax]
creisman@mmwr.com
Attorneys for Plaintiffs

Of Counsel:
Penelope A. Boyd (I.D. No.  30189)
Headley Law Offices LLC
225 South Church Street
West Chester, PA  19380
(610) 692-6933
(610) 692-6754 [fax]
penelope.boyd@att.net

885436v1